PEOPLE *v.* SCHNEIDER.

1. INTOXICATING LIQUORS — STATUTES—SALOONS—CHURCHES—DIS-
   TANCES.
   Under Act No. 291, Pub. Acts 1909, § 37, a liquor dealer who
   opens a saloon within 400 feet along a street line from a
   church violates the law, whether or not he secures the con-
   sent of all property owners within 300 feet of the proposed bar.

2. SAME—LOCAL OPTION—WORDS AND PHRASES.
   The exception provided for by the terms of the aforesaid act,
   excluding from its operation existing saloons as of the date
   the act took effect, may not be construed so as to except a
   site occupied by a soft drink establishment of the same pro-
   prietor, who subsequently began to vend intoxicants upon
   the repeal of local prohibition.

3. SAME—STREET LINE—CONSTRUCTION OF LOCAL-OPTION ACT.
   The street line, dividing private property from the public way,
   is to be used as a base line from the front of the several prem-
   ises to lay off such 400 feet, not including the distance from
   the street line to the doors of either property

Exceptions before sentence from Jackson; Parkinson,
J. Submitted April 18, 1912. (Docket No. 133.) De-
cided May 3, 1912.

Ludwig Schneider was convicted of violating the local-
option statute. Affirmed.

*Nathan E. Bailey,* Prosecuting Attorney, and *M. Grove
Hatch,* Assisting Prosecuting Attorney, for the people.

*Albert O. Reece,* for respondent.

The information filed against respondent charges him
with offending the provisions of section 37 of Act No. 291
of the Public Acts of 1909, in that he has attempted to
open up and establish a new saloon and bar having its
front entrance within 400 feet along the street line from
the front entrance of a church. It is alleged, also, that
he had not obtained consent to do so of all property own-

ers within 300 feet of said saloon. The court advised the
jury that the testimony was not in dispute, and that if
they believed that respondent was taking steps to be a
licensed saloon keeper and to open up business at 155 Pearl
street, in the city of Jackson, and found the measure-
ments submitted correct, respondent was " guilty, under
the statute, of attempting to open a saloon within 400 feet
of the First Congregational Church " in that city.     A
verdict of guilty was returned.     The cause is here on ex-
ceptions before sentence.     It is admitted that respondent
had obtained a State and city license to sell liquors as a
retail dealer, and had paid his tax, and was doing busi-
ness at 155 Pearl street, in the city of Jackson.     The sec-
tion of the statute referred to reads as follows:

"No license shall be issued to any one to open up and
establish a new bar or saloon having its front entrance
within four hundred feet along the street line from the
front entrance of a church or public schoolhouse or in any
residence district, unless the consent of all the property
owners within three hundred feet of said proposed bar or
saloon be obtained, and after this act takes effect an at-
tempt to open up and establish a new bar or saloon hav-
ing its front entrance within four h ndred feet along the
street line from the front entrance of a church or public
schoolhouse or in any residence district shall be a violation
of this act, and the person or persons so doing, upon con-
viction thereof, shall be subject to the penalties prescribed
in section seven of this act:     *Provided*, that none of the
provisions of this section shall apply to any bar or saloon
established and existing at the time this act takes effect."

Pearl street, in the city of Jackson, extends east and
west, intersecting Jackson street, which last-mentioned
street extends south from Pearl to West Main street.
Respondent's place of business is on the south side of Pearl,
east of Jackson.     The Congregational church stands on a
parcel of land which is bounded on the north by Pearl, on
the east by Jackson, and on the south by West Main; the
church being in the northeast corner of the parcel, facing
south, and having its front entrance upon the south side.
Directly in front of the church, and between it and West

Main street, the land is laid out as a park, some 8 rods square, through which persons may approach the front door. There is also a walk or approach to the front door 41 feet 6 inches long, leading from Jackson street. From the front entrance to the church east to a point in the center of Jackson street is 91 feet. From the point so reached, it is 169 feet north to the center of Pearl street; and from there to a point in the center of the street opposite to the door of respondent's saloon is 170½ feet. From the center of Pearl street to the entrance to the saloon is 37 feet. From a point in the center of Jackson street directly east from the front entrance to the church to a point in the center of Pearl street is 169 feet; and from there to a point in the center of Pearl street opposite the entrance to the saloon is 170½ feet. From the door of the saloon to the door of the church, by street line measurements, is 401½ feet. On the other hand, it is 624½ feet from a point in the center of Main street directly opposite the front entrance to the church to a point opposite the door of the saloon; the distance being measured on the center line of each street. But if one passed on the street line from a point in front of the saloon door, crossing Jackson street to its west line, thence south to a point due east from the front door of the church, the distance traveled would be substantially 356 feet.

Respondent conducted a saloon at 155 Pearl street before and up to the time (May 1, 1909) when local option, so called, became effective in Jackson county. He maintained the place, selling non-intoxicants, etc., until May 1, 1911, when he was again licensed to keep a saloon at the same place. Decision of the questions raised by the assignments of error depends upon the construction of the statute.

OSTRANDER, J. (*after stating the facts*). The statute, some provisions of which are the foundation of the present suit, is so constructed, of such language, arranged in such a way, that the courts have experienced great difficulty in giving it effect. We have reviewed the legislation with

care, and, so far as the meaning is important here, and is regarded by counsel as debatable, have concluded:

*First*, that the consent of all property owners within 300 feet of a proposed new saloon or bar will not excuse the establishment of such a saloon or bar within 400 feet of the front door of a church or a schoolhouse.

*Second*, that, although it is provided that none of the provisions of the section in question shall apply to any bar or saloon established or existing at the time the act took effect, which was September 1, 1909, for the purposes and within the meaning of the law, a saloon or bar is a new one, if opened, after a period of prohibition in a county, during a subsequent period of license at a place occupied as a saloon when the law went into effect. Within the meaning of the law, there were no saloons existing in Jackson county, unless unlawfully, from May 1, 1909, to May 1, 1911.

*Third*, in determining the distance along the street line, from the front entrance of a church to the front door of a saloon, the street line—the dividing line between private property and the highway, as recognized by building and by public travel—is the line to be measured, from a point in such street line nearest to the front entrance of the saloon to a point in such line nearest to the front entrance of the church; the distance from such street line to the door of either structure or place is not to be measured.

In making these rulings, we feel that we have not read into the act by construction language necessary to complete it and give it force, but have given to the language of the particular section, when read with other parts of the statute, and considered with reference to the general purpose of the law, a reasonable meaning.

Respondent's exceptions are overruled; and the court is advised to proceed to judgment.

MOORE, C. J., and STEERE, McALVAY, BROOKE, BLAIR, and STONE, JJ., concurred.   BIRD, J., did not sit.