MORSE *v.* LIQUOR CONTROL COMMISSION.

1. NUISANCE—PUBLIC NUISANCE—ABATEMENT—PARTIES.

Generally a public nuisance gives no right of action to any individual but must be abated by a proceeding instituted in the name of the State or at the suit of some proper officer or body as its authorized representative.

2. SAME—PUBLIC NUISANCE—SPECIAL DAMAGE TO PRIVATE INDIVIDUAL.

Except where the rule has been changed by statute, an individual may bring an action on account of a public nuisance when and only when he can show that he has sustained therefrom damage of a special character, distinct and different from the injury suffered by the public generally.

3. EVIDENCE—JUDICIAL NOTICE—INTOXICATING LIQUORS—SALE FOR CONSUMPTION ON THE PREMISES.

The Supreme Court takes judicial notice of the fact that the sale of spirits for consumption upon the premises is frequently conducive to disturbances not only upon the premises but within the immediate vicinity thereof.

4. SAME—JUDICIAL NOTICE—CHURCH ACTIVITIES.

The Supreme Court takes judicial notice of the fact that church activities are not limited to Sundays alone but that many such activities, religious, educational, charitable and social in nature are pursued on week days and nights.

5. INJUNCTION — PARTIES — INTOXICATING LIQUORS — SALE NEAR CHURCHES.

The threatened damage to members and active participants in the affairs of churches located within 500 feet of place seeking license to sell spirits for consumption on the premises differs in character, kind and degree from that which may affect the public generally, hence such persons were proper parties plaintiff in suit to abate a threatened nuisance by enjoining

---

A private action may arise out of a public nuisance if the plaintiff suffers special damage, see 4 Restatement, Torts, chap. 40, introductory note, pp. 215, 217.

issuance of such license on new application for that location in violation of statute (Act No. 8, § 17a, Pub. Acts 1933 [Ex. Sess.], as added by Act No. 133, Pub. Acts 1945).

6. Same — Parties — Attorney General — Abatement of Threatened Nuisance—Sale of Intoxicating Liquor Near Churches.

Where the attorney general had already rendered an opinion that amendments of statute did not operate to prohibit a change in the type of existing licenses in a municipality which had voted to allow the sale of spirits in addition to beer and wine for consumption on the premises, it was not incumbent upon members of churches, located within 500 feet of a place licensed to sell beer and wine, to make formal request of attorney general to institute proceedings to abate the nuisance threatened by city council's approval of license to sell spirits for consumption on the premises of such licensee since the attorney general had already indicated his opposition to plaintiffs' claim (Act No. 8, §§ 17, 17a, 19, subd. 15, Pub. Acts 1933 [Ex. Sess.], as amended by Act No. 281; Pub. Acts 1937, and Act No. 133, Pub. Acts 1945).

7. Intoxicating Liquors—Licenses—New Application—Churches and Schools.

An application for license to sell beer, wine and spirits for consumption on premises hitherto licensed to sell beer and wine only is a "new application" within meaning of amendment of liquor law requiring that such application be denied where location of premises for sale of liquor is within 500 feet of a church or a school building by the regularly traveled thoroughfare, especially in the absence of a savings clause at the time the amendatory act became effective for the benefit of then-existing licensees and indicia of legislative intent to limit the number of all retail licensees (Act No. 8, § 17a, Pub. Acts 1933 [Ex. Sess.], as added by Act No. 133, Pub. Acts 1945).

8. Same—Construction of Statutes—Churches—Schools.

Provision of liquor law, that it must be liberally construed to effect the intent and purposes set forth, requires that the rights of schools and churches as to proximity of retail outlets as provided for therein must be preserved. (Act No. 8, § 54, Pub. Acts 1933 [Ex. Sess.], and § 17a, as added by Act No. 133, Pub. Acts 1945).

9. Statutes—Construction—Regulation—Prohibition.

A liberal construction of a statute purporting to regulate does not imply complete prohibition unless the import of the legislative statement is clearly to that effect.

10. Intoxicating Liquors—Licenses—Privileges.

Notwithstanding the liquor business is entirely lawful, no one has an inherent right to a liquor license which is a privilege granted by the State under proper restrictions (Act No. 8, Pub. Acts 1933 [Ex. Sess.], as amended).

11. Same—Licenses—Contracts.

A liquor license is not a contract in the sense that the licensee has thereby acquired any vested or property rights, but is in the nature of a permit subject to the control of the State in the exercise of its police power (Act No. 8, Pub. Acts 1933 [Ex. Sess.], as amended).

12. Costs—Public Question—Injunction—Intoxicating Liquors —Licenses.

No costs are allowed in suit to enjoin issuance of a license to sell beer, wine and spirits for consumption on premises located within 500 feet of four churches, a public question being involved (Act No. 8, § 17a, Pub. Acts 1933 [Ex. Sess.], as added by Act No. 133, Pub. Acts 1945).

Appeal from Ingham; Simpson (John), J., presiding. Submitted June 6, 1947. (Docket No. 40, Calendar No. 43,764.) Decided October 13, 1947. Rehearing denied December 3, 1947.

Bill by Farland T. Morse and others against Liquor Control Commission of the State of Michigan, Frank P. Davey, and others to enjoin issuance of liquor license. Bill dismissed on motion. Plaintiffs appeal. Reversed and remanded.

*Foster, Cummins, Snyder, Cameron & Foster* (*Wm. C. Brown*, of counsel), for plaintiff.

*Benjamin F. Watson*, for defendant Davey.

Butzel, J. Plaintiffs appeal from an order of the Ingham county circuit court dismissing their bill of complaint seeking an injunction to restrain defendant State liquor control commission and the individual members thereof from issuing a hotel class "B" liquor license to defendant Frank P. Davey, an individual doing business as the Hotel

Roosevelt in the city of Lansing, and to enjoin defendant Davey from selling spirits under such a license if granted.

There is no dispute as to the facts. During the year 1946, Davey was the holder of a hotel class "A" liquor license permitting the sale of beer and wine for consumption on the premises of the Hotel Roosevelt in accordance with the classification contained in section 24 of the liquor control commission act (Act No. 8, Pub. Acts 1933 [Ex. Sess.], as amended by Act No. 281, Pub. Acts 1937, and Act No. 133, Pub. Acts 1945 [Comp. Laws Supp. 1940, 1945, § 9209-16 et seq., Stat. Ann. and Stat. Ann. 1946 Cum. Supp. § 18.971 et seq.]), and referred to in this opinion as the liquor law, the term commonly used to designate the law as amended. The license, granted pursuant to defendant Davey's annual application, would have expired on May 1, 1947, as provided in section 17 of the liquor law.

In accordance with the provisions of section 56 of the liquor law, a proposal to permit the sale of spirits in addition to beer and wine for consumption upon the premises was carried by a referendum vote in the city of Lansing at the election of November, 1946. Shortly thereafter, defendant Davey filed an application for a hotel class "B" license which would permit the sale of beer, wine or spirits for consumption upon the premises of the Hotel Roosevelt. As required by section 17 of the act, said application was submitted for approval to the local legislative body, the city council of Lansing, which approved the same on March 3, 1947.

Plaintiffs filed their bill of complaint on March 6, 1947, alleging that the Hotel Roosevelt is within 500 feet of four churches, viz: St. Paul's Episcopal Church, St. Mary Roman Cathedral, the First Baptist Church and the Central Methodist; that plaintiffs Morse, Hudson and Bell are members of the

First Baptist Church, attendants at its services and interested in its welfare, and that plaintiffs Izant, Smith and Brooks are members of the Central Methodist Church, attendants at its services and interested in its welfare; that if a hotel class "B" license is granted defendant Davey, irreparable damage and injury will be done plaintiffs, their respective churches and other churches within 500 feet of the Hotel Roosevelt; and that defendant Davey's pending application is a new application for a license to sell alcoholic beverages at retail within the meaning of section 17a* of the liquor law, which provides:

"Any new application for a license to sell alcoholic beverages at retail, or any request to transfer location of an existing license, shall be denied in the event the contemplated location is within 500 feet of a church or a school building, by the regularly traveled thoroughfare."

Plaintiffs filed an amendment to their bill of complaint, alleging that the attorney general had delivered an opinion in this matter at the request of the State liquor control commission, which was opinion No. 48, dated February 18, 1947, and attached as an exhibit to the amendment. Said opinion concluded with the following paragraph:

"It is the opinion of the attorney general that sections 17a and 19(15) of the liquor control act, as presently amended, do not operate to prohibit a change in the type of existing licenses in a municipality which has voted to allow the sale of spirits in addition to beer and wine."

An order to show cause issued and upon the return day defendant Davey appeared specially by his

---

* This section was added by Act No. 133, Pub. Acts 1945.—REPORTER.

own counsel, and the liquor control commission and the individual members thereof appeared specially by an assistant attorney general. The trial judge heard oral argument on defendants' motion to dismiss and briefs were submitted. Subsequently, the trial judge entered an order dismissing the bill of complaint and vacating a temporary restraining order on the ground that defendant Davey's application was not a new application for a license to sell alcoholic beverages within the purport of section 17a, but was merely an application for a new classification of the license he already possessed. Plaintiffs appeal from that order.

Defendant Davey contends that plaintiffs are not the real parties in interest; that their interest is of no different legal character than that of any other citizen of the community; that their allegations of special damage are conclusions, not facts; and that the alleged wrong is one to be restrained upon the application of a proper public officer, not a private citizen. He claims that plaintiffs will be no more aggrieved by the sale of beer, wine and spirits at the Hotel Roosevelt than by the prior sale of beer and wine. And he asserts that the attorney general has not formally declined to proceed or to lend his name to the proceedings, but if he has inferentially refused, the plaintiffs are still without a right to sue.

Plaintiffs, on the other hand, maintain that the sale of spirits within 500 feet of the four churches would not only be a public nuisance because the license therefor would have been granted illegally, but also would constitute a private nuisance as to those persons who would have a special grievance by such conduct, *viz:* members of any of the four churches within the prohibited distance. They bring this suit in their own names, not on behalf of the

churches to which they belong nor on behalf of others in their class. They state that they are cognizant of the rule that actions to abate a public nuisance are generally instituted by the attorney general or the prosecuting attorney, either on their own motion, or upon the relation of private individuals. They claim, however, that their situation is comprehended within a well-recognized exception to the necessity for such an official as party plaintiff, *viz:* that if the proper public official refuses to take action to abate a public nuisance, then any person having an interest in the problem greater than that of the community at large may institute proceedings to abate the public nuisance. Conceding that either the attorney general or the prosecuting attorney of Ingham county would have been a proper party plaintiff in the instant case, appellants contend that the attorney general having already rendered an opinion adverse to plaintiffs' claims, it would have been presumptuous to have requested him to lend his name to a suit challenging that opinion; and consequently the prosecuting attorney of Ingham county was disqualified to bring this suit inasmuch as he is under the supervision of the attorney general. 1 Comp. Laws 1929, § 178 (Stat. Ann. § 3.183). Furthermore, they maintain that since the attorney general is on record in support of a motion to dismiss the bill of complaint, it would be idle to await the time that defendant Davey commenced operations under a hotel class "B" liquor license before seeking to have such license held invalid.

The rule with reference to an individual's right of action to abate a public nuisance is stated as follows:

"As a general rule, a public nuisance gives no right of action to any individual, but must be abated

by a proceeding instituted in the name of the State, or at the suit of some proper officer or body as its authorized representative. * * * Except where the rule has been changed by statute an individual may bring an action on account of a public nuisance when and only when he can show that he has sustained therefrom damage of a special character, distinct and different from the injury suffered by the public generally.'' 39 Am. Jur. p. 378.

Thus in the case of *Board of Water Commissioners of Detroit* v. *City of Detroit,* 117 Mich. 458, the commissioners sought to abate a nuisance resulting from the position of a sunken vessel close by the water board property. In affirming the decree of the lower court granting relief against the city, this Court stated:

''Is this complainant entitled to maintain this bill to abate this nuisance? It is well settled that a public nuisance does not furnish grounds for an action by an individual. The complainant in this case, while charged with public functions, does not represent the public generally in the matter of the protection of the highway or river adjacent to the city. This is not claimed on its behalf, but it is contended that it has the same rights that an individual has; and this proposition, we think, is sound in so far that, for any infringement of its property rights, the complainant would have the same right to seek redress as an individual. The question recurs, Would an individual have the right to maintain this bill to compel the abatement of this nuisance? It is true, a public nuisance may at the same time be a private nuisance, and an individual who suffers peculiar damages—that is, damages peculiar to himself—may have his action; but, before such action can be maintained, it must be shown that the damage which the complainant suffers differs not only in degree, but in kind, from that which must be deemed common to all.''

In the instant case, we are prepared to take judicial notice of the fact that the sale of spirits for consumption upon the premises is frequently conducive to disturbances not only upon the premises but within the immediate vicinity thereof. We are also cognizant of the fact that church activities are not limited to Sundays alone, on which day the sale of intoxicating beverages is prohibited by an ordinance of the city of Lansing, but that many church activities, religious, educational, charitable and social in nature are pursued on week days and nights. Moreover, we are satisfied that the threatened damage to plaintiffs, who are active participants in the affairs of their respective churches, differs in character, kind and degree from that which may affect the public generally.

Plaintiffs' contention that they were not obliged to make the idle gesture of formally requesting the attorney general to institute proceedings to abate the threatened nuisance when that official had already indicated his opposition to their claim, is sustained by authorities. In *Giddings* v. *Secretary of State,* 93 Mich. 1 (16 L. R. A. 402), a private relator applied for a writ of mandamus to restrain the secretary of State from giving notice of the election of State senators under the apportionment act of 1891, and to compel him to give such notice under the act of 1885. This Court held that:

"The question of the validity of an act of the legislature rearranging the senate districts of the State can be raised by mandamus proceedings instituted by a private citizen and elector without a prior application to the attorney general, where that officer has, in the performance of his official functions as adviser of the State officers, placed himself in an adverse position, which fact is sufficiently evidenced by his appearing for the officer

named as respondent in such proceedings; citing *People, ex rel. Ayres,* v. *Board of State Auditors* (syllabus), 42 Mich. 422.''

Having determined that plaintiffs are proper parties in interest, the remaining question on appeal is whether defendant Davey's application for a hotel class ''B'' liquor license is a ''new application'' within the meaning of section 17a of the liquor law. Plaintiffs maintain that it is a ''new application'' for the following reasons: (1) It is not a renewal of the existing license which is for beer and wine only; (2) The present license authorizes sales of beer and wine from May 1, 1946, to April 30, 1947, whereas the pending application seeks to authorize sales for a different period of time, *viz.,* from the date of issue to April 30th; (3) It is not an amendment of the existing license; (4) A new documentary application has been filed; (5) It is phrased in different words than the application for the existing license; (6) It asks for different rights; (7) It imposes different obligations; (8) It requires a different bond; (9) The legislature has recognized that the sale of spirits is in an entirely different class than the sale of beer and wine.

The liquor law differentiates the sale of beer and wine from that of beer, wine *and spirits* in several significant particulars. As defined in section 2 of the act, both beer and wine are the products of alcoholic fermentation whereas spirits are produced by distillation. Included in the category of spirits, however, is wine containing an alcoholic content of over 16 per cent. by volume. The distinction applies to hotel liquor licenses which are of two classes: class ''A'' permitting the sale of beer and wine, and class ''B'' permitting the sale of beer, wine and spirits. Class ''A'' license fees range from a minimum of $150 to a maximum of $500;

class "B" license fees range from a minimum of $300 to a maximum of $1,000. Similarly, the liquor law distinguishes between taverns selling beer and wine for which a license fee of $150 is charged as compared with a class "C" license permitting the sale of beer, wine and spirits for which the license fee is $500.

Defendant Davey contends that in using the phrase "new application" in section 17a, the legislature referred to newcomers in the field, those not theretofore licensed to sell alcoholic beverages, and that the legislature never intended to exclude those who already possessed a license to sell alcoholic beverages. Conceding that Davey may be entitled to an annual renewal of his hotel class "A" liquor license, if granted by the liquor commission, plaintiffs assert that a comparative study of the pertinent provisions of the present liquor law and former liquor laws is persuasive of a legislative intent to prevent any extension of current liquor license privileges to those in defendant's situation and to regard any application for such extension as within the interdict of section 17a, as added by Act No. 133, Pub. Acts 1945. In support thereof they refer to Act No. 313, § 37, Pub. Acts 1887, as added by Act No. 291, Pub. Acts 1909 (2 Comp. Laws 1915, § 7066), which contained a similar distance limitation but with the following proviso:

"SEC. 37. * * * Provided, that none of the provisions of this section shall apply to any bar or saloon established and existing at the time this act takes effect."

They also refer to section 19 (15) of Act No. 8, Pub. Acts 1933 (Ex. Sess.), as amended by Act No. 133, Pub. Acts 1945 (Comp. Laws Supp. 1945, § 9209-34, Stat. Ann. 1946 Cum. Supp. § 18.990), which provides in part:

"Sec. 19  *  *  *  (15).  No public license shall be granted for the sale of alcoholic liquor for consumption on the premises in excess of 1 license for each 1500 of population, or major fraction thereof, as determined by the last Federal decennial census or by any Federal decennial census hereafter taken: Provided, however, That the above quota shall not bar the right of existing licensees to renew their licenses or transfer same, subject to the consent of the commission."

It is plaintiffs' contention that had the legislature intended to preserve any rights to then-existing licensees in defendant's situation, it would have reenacted the proviso contained in section 37 of Act No. 313, Pub. Acts 1887, as added by Act No. 291, Pub. Acts 1909, with which, presumably, it was acquainted; moreover, the preservation of rights to then-existing licensees contained in section 19 (15) of Act No. 8, Pub. Acts 1933 (Ex. Sess.), as amended by Act No. 133, Pub. Acts 1945, which is the same act that added section 17a to the liquor law, and the deliberate exclusion of any such provision in section 17a indicates that the legislature intentionally omitted any continuity of licenses when a new application should come before the commission.

In view of the very significant differentiation of rights and duties appertaining to hotel class "B" licenses as compared with hotel class "A" licenses, and in the light of the exclusion by the legislature of a saving proviso in section 17a for the benefit of then-existing licensees, we conclude that defendant Davey's pending application for a hotel class "B" liquor license is a "new application" within the purport of that section and as such is prohibited by that same section.

Section 19 (17) of Act No. 8, Pub. Acts 1933 (Ex. Sess.) (Comp. Laws Supp. 1935, § 9209–34, Stat.

Ann. § 18.990), contained the original quota limitations according to population and provided as follows:

"SEC. 19 * * * (17). No license shall be granted to sell spirits in any form at retail for consumption on the premises in excess of one license for each seven hundred and fifty of population, or major fraction thereof, according to the last Federal census."

The above quoted provision was superseded by section 19 (15) of Act No. 8, Pub. Acts 1933 (Ex. Sess.), as amended by Act No. 281, Pub. Acts 1937, wherein the ratio was changed to "one license for each six hundred and fifty of population, or major fraction thereof." Quota limitations in both acts were applicable only to those licensees dispensing spirits. Limitation of the number of tavern licensees dispensing beer and wine was left to the discretion of the local legislative body and the liquor control commission. It was not until the amendment to the liquor law by Act No. 133, Pub. Acts 1945, that section 19 (15), hereinbefore quoted, imposed an over-all limitation on all types of licenses authorizing the sale of "alcoholic liquor," which by definition included beer, wine and spirits.

Defendant states that at the time of the filing of the bill in this cause, on or about March 1, 1947, there were 71 tavern licenses and two class "A" hotel licenses in full force and effect in the city of Lansing. He further states that the 1940 Federal census set the population of the city of Lansing at just short of 79,000 persons. Applying the ratio contained in section 19 (15), the authorized quota of licenses for the public sale of all types of alcoholic beverages in the city of Lansing is set at a maximum of 52 and but for the saving clause in that

same section, 21 licenses would have failed of re-
newal after the enactment of the 1945 amendment.
That clause provided that the quota should not bar
the right of existing licensees to renew or transfer
their licenses subject to the approval of the commis-
sion.  Defendant contends that if an application by
the holder of a tavern license for a class "C" li-
cense authorizing the sale of spirits in·addition to
beer and wine is not a renewal but is rather a new
application for a license or an application for a
new license, it follows that no licenses authorizing
the sale of spirits in the city of Lansing could be
granted until the number of licensed establishments
was reduced below 52, which, it is claimed, would
result in considerable confusion.  This particular
problem is not now before us and need not be
passed upon; however, it should be stated that al-
though the proviso in section 19 (15) safeguards the
present rights of existing licensees, it does not en-
large those rights.

Finally, defendant invites attention to section 54
of the liquor law which provides that the act shall
be liberally construed to effect the intent and pur-
poses set forth therein.  A liberal construction of the
act must preserve the rights of schools and churches ·
as provided for.  This Court has regarded such
rights as paramount.  See *People* v. *Schneider,* 170
Mich. 150, where the question was discussed, but
under entirely different facts.  We recognize that the
stated purpose of the act is to legalize and regulate ·
the traffic in alcohol; and we are in accord with de-
fendant that a liberal construction of a statute
purporting to regulate does not imply complete
prohibition unless the import of the legislative
statement is clearly to that effect.  Nevertheless, we
are convinced that it was the express intent and
purpose of the legislature in enacting section 17a of

the liquor law to protect the churches and schools of the State from any detriment stemming from the conduct of a liquor business within the immediate vicinity of those institutions. Notwithstanding that the liquor business is entirely lawful, no one has an inherent right to a liquor license which is a privilege granted by the State under proper restrictions. *Case* v. *Liquor Control Commission,* 314 Mich. 632. A liquor license is not a contract in the sense that the licensee has thereby acquired any vested or property rights, but is in the nature of a permit subject to the control of the State in the exercise of its police power. *Fitzpatrick* v. *Liquor Control Commission,* 316 Mich. 83 (172 A. L. R. 608). Although defendant Davey may be granted a renewal of his hotel class "A" license for the reasons hereinbefore set forth, we find that he is not entitled to a hotel class "B" license.

The order of the circuit court granting the motion to dismiss is reversed, but without costs, as a public question is involved. The case is remanded for further proceedings on the bill of complaint consistent with this opinion.

CARR, C. J., and BUSHNELL, SHARPE, BOYLES, REID, NORTH, and DETHMERS, JJ., concurred.