**In the Matter of MATTO'S, INC., Debtor.**

**MATTO'S, INC., Plaintiff,**

**v.**

**OLDE COLONIE PLACE, Defendant.**

**Bankruptcy No. 80–03104–B. Adv. No. 80–1797–B.**

United States Bankruptcy Court, E. D. Michigan.

Feb. 5, 1981.

---

1. See discussion of § 1.201(9) Texas Business and Commerce Code regarding definition of "buyer," supra.

Jaffe, Snider, Raitt, Garratt & Heuer by Lawrence K. Snider, Detroit, Mich. and Linda W. Etkin, for plaintiff.

Snyder & Handler, P.C. by Wallace M. Handler, Birmingham, Mich. and Arthur Cox, Rochester, Mich., for defendant.

## OPINION

GEORGE BRODY, Bankruptcy Judge.

The question presented is whether a liquor license is property within the meaning of section 541(a) of the Bankruptcy Code and, if it is, whether the provisions of the Uniform Commercial Code dealing with perfection of a security interest, are applicable.

Olde Colonie Place, a Michigan copartnership ("Olde Colonie"), owned a restaurant business in Rochester, Michigan. In November of 1976, Olde Colonie sold all of the assets of its business, including a class "C" liquor license, to F. J. & F., Incorporated, a Michigan corporation ("F. J. & F."). F. J. & F. assigned the liquor license to Olde Colonie and also granted Olde Colonie a security interest in the other conveyed assets to secure payment of the purchase price. In April of 1979, F. J. & F. sold the assets, including the class "C" liquor license, to Matto's, Inc., subject to whatever security interest Olde Colonie had in the property and the license.

On June 4, 1980, Matto's, Inc. (the "debtor"), filed a petition under chapter 11 of the Bankruptcy Code, and on November 14, 1980, the debtor filed a complaint alleging that the assignment was a security interest and, since Olde Colonie did not file a financing statement with the Michigan Secretary of State, the assignment did not survive the filing of a chapter 11 proceeding.

In response to the debtor's motion for summary judgment, Olde Colonie contends that a liquor license is in the nature of a permit and that the holder of such license merely has a privilege to carry on business subject to the will of the grantor, (*People v. Shafran*, 168 Mich. 324, 134 N.W. 29 (1912)) and that "the licensee does not possess thereunder any vested or property right." *Commercial Acceptance Corporation v. Benvenuti*, 341 Mich. 100, 67 N.W.2d 129 (1954). See also, *Morse v. Liquor Control Commission*, 319 Mich. 52, 29 N.W.2d 316 (1947); *People v. Schafran, supra.* Accordingly, Olde Colonie contends that the assignment is enforceable even though it did not perfect it in accordance with the applicable provisions of the Uniform Commercial Code. *Commercial Acceptance Corporation v. Benvenuti, supra; Morse v. Liquor Control Commission, supra.*

█ Section 9–301 of the Uniform Commercial Code provides that an imperfected security interest is subordinate to the rights of

"(1)(b) a person who becomes a lien creditor before the security interest is perfected;"

"(3) a 'lien creditor' means ... the trustee in bankruptcy from the date of the filing of the petition...."

A debtor in possession has the rights and powers of a trustee in bankruptcy. Section 1107 of the Bankruptcy Code. Thus, the debtor in possession is a proper person to contest the security interest of Olde Colonie.

█ The basic question before the court is whether a liquor license is property and, if it is, whether article 9 of the Uniform Commercial Code is applicable. The main thrust of section 70(a) of the Bankruptcy Act was to secure for creditors everything of value. *Segal v. Rochelle*, 382 U.S. 375, 86 S.Ct. 511, 15 L.Ed.2d 428 (1965); *Chicago Board of Trade v. Johnson*, 264 U.S. 1, 44 S.Ct. 232, 68 L.Ed. 533 (1923); *In re Kokoszka*, 479 F.2d 990 (1973). A liquor license, concededly, has substantial value. Accepting this reality, the Court of Appeals for the First Circuit as long as 80

years ago, after stating that, "We have no difficulty in holding that the pecuniary interest or capital which the license represents ... is property ...," (*Fisher v. Cushman*, 103 F. 860, 866 (1900)) held that a liquor license is property within the meaning of section 70(a) of the Bankruptcy Act. Other courts which have faced this question have reached the same result. *In re Coed Shop*, 435 F.Supp. 472 (N.D.Fla.1977); *In re Midland Service, Inc.*, 10 UCC Rep. 499 (D.C.Neb.1971). Olde Colonie has not presented any reason that persuades this court to depart from such holdings. Nor does the fact that Michigan law may hold that a liquor license is not property material. A state court's determination as to whether a particular interest is or is not property, is not controlling.

"... where the Bankruptcy Law deals with property rights which are regulated by state law, the federal courts in bankruptcy will follow the state courts; but when the language of Congress indicates a policy requiring a broader construction of the statute than the state decisions would give it, federal courts can not be concluded by them." *Chicago Board of Trade v. Johnson, supra*, at p. 10, 44 S.Ct. at p. 234.

Moreover, the cases relied upon by Olde Colonie do not represent existing Michigan law. In *Bundo v. Walled Lake*, 395 Mich. 679, 692, 238 N.W.2d 154 (1976), the Supreme Court of Michigan, in addressing the contention that a liquor license is not a property right, stated:

"... the mere fact that an interest exists by the grace of the government no longer precludes the interest from being treated as a 'property' right. Those Michigan cases which have relied upon this doctrine in finding no property interests in liquor licenses can no longer be followed for this purpose." See also, *Bisco's, Inc. v. Liquor Control Commission, infra.*

While *Bundo* was decided in a due process context, there is nothing to indicate that the court intended that its opinion have limited application.

Section 541(a) of the Bankruptcy Code makes it clear that a bankruptcy estate is comprised of all legal or equitable interest of the debtor in property as of the date a bankruptcy is commenced. "This provision is very broad and includes all kinds of property, both tangible and intangible, causes of action, and other forms of property formerly specified in section 70a of the Bankruptcy Act." 4 Collier on Bankr., 15th ed., § 541.01 (1980). A liquor license was property within the meaning of section 70(a) of the Bankruptcy Act. It is property within the meaning of section 541(a) of the Code. A state may place reasonable conditions on the transfer of a license. *Bisco's, Inc. v. Liquor Control Commission*, 395 Mich. 706, 238 N.W.2d 166 (1976); *Bundo v. Walled Lake, supra.* However, the Bankruptcy Code makes it clear that a license becomes property of the estate, notwithstanding such restrictions. § 541(c).[1]

Article 9 of the Uniform Commercial Code deals with secured transactions. Article 9 applies to any transaction (regardless of its form), except as to transactions specifically excluded by article 9, which is intended to create a security interest in personal property or fixtures, including goods, documents, instruments, general intangibles, chattel paper, or accounts. § 9–102(1).[2] A liquor license is property within the meaning of section 9–102. *Paramount Finance Company v. United States*, 379 F.2d 543 (6th Cir. 1967); *Bogus v. American National Bank of Cheyenne, Wyoming*, 401 F.2d 458 (10th Cir. 1968); *In re Coed Shop, supra.* A financing statement must be filed to perfect a security interest in personal property. § 9–302. Since Olde Colonie did not file a financing statement with respect to the liquor license, it now has no claim against such license.

An appropriate order to be submitted.

---

1. Section 541(c) provides that an interest-debtor in property becomes property of the estate, notwithstanding any provision "that restricts or conditions transfer of such interest by the debtor."

---

2. The excluded transactions are set out in section 9–104. They do not apply here.