WONG v CITY OF RIVERVIEW

Docket No. 62589. Submitted January 20, 1983, at Detroit.—Decided
June 21, 1983.

Plaintiffs, Git Wong, Siw Yin Wong, Sau Kim Wong, and Chopst-
ick Inn, Inc., are the owners and operators of the Chopstick Inn
in the City of Riverview. Plaintiffs applied to the city for a
Class C liquor license, of which two were available. Eventually,
the city decided to issue one of these to a new hotel complex.
The other one would be given to Roberto's Pizza, the Golden
China Restaurant, or the Chopstick Inn. The city approved
Golden China's application for the liquor license. Although
defendant did not draw up any guidelines to determine the
issuance of the licenses, it did use the City of Birmingham's
guidelines. The council considered the amount of parking, the
number of other licenses in the area, the substantial invest-
ment of Golden China, and the fact that Golden China had
been around a long time. One reason for not giving the license
to the Chopstick Inn was that it was only 209 feet from a
Baptist church. Plaintiffs brought an action against the city
and the Liquor Control Commission in the Wayne Circuit
Court, claiming that the city had acted arbitrarily and capri-
ciously, specifically that the city had promised but failed to
promulgate guidelines governing the decision before issuing the
license. They requested the court to force the city to issue it to
them rather than to the Golden China Restaurant. The Liquor
Control Commission was dismissed and the Golden China Res-
taurant was added as a cross-plaintiff. The court, Patrick J.
Duggan, J., granted summary judgment for defendant. Plain-
tiffs appealed. *Held:*

1. An applicant for a new liquor license is not entitled to
even minimal due process. A city need not have any established
guidelines to govern whether or not to approve an application
for the issuance of a new liquor license.

2. The scope of judicial review of a local legislative body's

REFERENCES FOR POINTS IN HEADNOTES

[1] 45 Am Jur 2d, Intoxicating Liquors §§ 32, 114 *et seq.*, 153 *et seq.*
51 Am Jur 2d, Licenses and Permits § 16.
[2] 45 Am Jur 2d, Intoxicating Liquors §§ 163, 164.
51 Am Jur 2d, Licenses and Permits §§ 53, 139.

disposition of requests for liquor licenses is extremely narrow and the local disposition will be overturned only upon a showing that it was arbitrary and capricious. A decision is capricious where no evidence exists explaining the body's decision. The city's decision in this case was not arbitrary and capricious.

Affirmed.

1. Intoxicating Liquors — Licenses — New Licenses — Due Process — Guidelines.

An applicant for a new liquor license is not entitled to even minimal due process; a city need not have any established guidelines to govern whether or not to approve an application for the issuance of a new liquor license.

2. Intoxicating Liquors — Licenses — Appeal.

The scope of judicial review of a local legislative body's disposition of requests for liquor licenses is extremely narrow and the local disposition will be overturned only upon a showing that it was arbitrary and capricious; a decision is capricious where no evidence exists explaining the body's decision.

*Law Office of John F. Gilhool, P.C.* (by *Thomas A. Kuzmiak*), for plaintiff.

*Logan, Huchla & Wycoff, P.C.* (by *Charles E. Wycoff*), for defendant.

Before: T. M. Burns, P.J., and R. M. Maher and Hood, JJ.

R. M. Burns, P.J. On January 22, 1982, the trial court entered summary judgment, GCR 1963, 117.2(3), for defendant, City of Riverview. Plaintiffs appeal as of right.

Plaintiffs are the owners and operators of the Chopstick Inn, located in Riverview. On November 23, 1977, they applied to defendant, City of Riverview, for a Class C liquor license. Around that time defendant had been enabled to issue two additional Class C liquor licenses. Eventually, defendant decided to issue one of these to a new

hotel complex. The other one would be given to Roberto's Pizza, the Golden China Restaurant, or the Chopstick Inn.

On September 21, 1981, defendant approved Golden China's application for the Class C liquor license. Although defendant did not draw up any guidelines to determine this issue itself, it did use the City of Birmingham's guidelines. The council considered the amount of parking, the number of other licenses in the area, the substantial investment of Golden China, and the fact that Golden China had been around a long time. One reason for not giving the license to the Chopstick Inn was that it was only 209 feet from a Baptist church.

Eventually, plaintiffs sued defendant and the Liquor Control Commission claiming that defendant had acted arbitrarily and capriciously in denying them the liquor license and requesting the court to force defendant to issue it to them rather than to the Golden China Restaurant. Specifically, they alleged that defendant had promised but failed to promulgate guidelines governing the decision before issuing the license. On November 20, 1981, the parties reached a consent decree. The Liquor Control Commission was dismissed and the Golden China Restaurant was added as a cross-plaintiff.

Summary judgment pursuant to GCR 1963, 117.2(3) may be granted when no genuine issue as to any material fact exists. A court will give the benefit of any reasonable doubt to the party opposing the summary judgment. *Rizzo v Kretschmer,* 389 Mich 363; 207 NW2d 316 (1973). In fact, "[a] genuine issue of fact is created when the affidavits, pleadings, depositions, admissions and documentary evidence, viewed in the light most favorable to the party opposing the motion, might permit

inferences contrary to the facts as asserted by the movant". *Opdyke Investment Co v Norris Grain Co,* 413 Mich 354, 360; 320 NW2d 836 (1982).

In *Roseland Inn, Inc v McClain,* 118 Mich App 724, 729; 325 NW2d 551 (1982), this Court held that a local governmental unit must have guidelines for standards to guide its decisionmaking when it decides on whether or not to renew a liquor license:

"Due process safeguards are designed to protect a liquor licensee from arbitrary or capricious decisionmaking by the local legislative body. We conclude that such due process also requires that the licensee be given notice of what criteria would result in a local body's initiation of nonrenewal or revocation proceedings."

In so ruling, this Court relied on *Osius v St Clair Shores,* 344 Mich 693, 700; 75 NW2d 25 (1956): "Without definite standards an ordinance becomes an open door to favoritism and discrimination * * *."

*Roseland* also relied on *Bundo v Walled Lake,* 395 Mich 679; 238 NW2d 154 (1976), and *Bisco's, Inc v Liquor Control Comm,* 395 Mich 706; 238 NW2d 166 (1976), both of which held that a liquor license holder has a due process interest in renewing the license. However, *Bisco's* specifically stated: "We do not wish to be understood as suggesting that an *applicant* for a license had a similar entitlement." 395 Mich 718, fn 15 (emphasis added). In fact, a first-time applicant is not even entitled to minimal due process. *Morse v Liquor Control Comm,* 319 Mich 52, 66; 29 NW2d 316 (1947); *Shamie v City of Pontiac,* 620 F2d 118 (CA 6, 1980). Due process does not require that defendant have guidelines to govern whether or

not to issue a license to first-time applicants like plaintiffs.

Yet, even though the first-time applicant has no right to procedural due process, this Court will review the city's decisions. However, this review is extremely narrow. It is limited only to whether or not the city has acted arbitrarily and capriciously. *Fuller Central Park Properties v City of Birmingham,* 97 Mich App 517; 296 NW2d 88 (1980). In fact, in *Bundo,* the Supreme Court specifically stated that the legislative scheme gives great deference to local control, 395 Mich 686-687.

In *Pease v St Clair Shores City Council,* 85 Mich App 371; 271 NW2d 236 (1978), this Court held that, where no evidence exists explaining the city's decision, the decision must be capricious. This Court also noted that:

"[G]uidelines, enacted in advance of a given application, are desirable in that they offer some protection to the individual against arbitrary denials; they serve as a guiding principle to the local body in passing on future applications; and they are of great assistance to a reviewing court in discerning the rationality of the body's determination." 85 Mich App 375, fn 3.

But we should emphasize that *Pease* is a standard of review case:

"We emphasize that we do not herein intend to limit the legitimate broad discretion of local bodies in granting or denying liquor license applications. We are merely attempting to render the exercise of that discretion reviewable in some coherent fashion." 85 Mich App 375, fn 3.

Because none of the city's proffered reasons were valid, this court concluded that the city's actions must have been arbitrary or capricious.

Guidelines are very desirable. Not only do they facilitate appellate review but they are themselves evidence that the city has not acted arbitrarily or capriciously. But we will not require them in every case. A city has not acted arbitrarily or capriciously, even though having failed to adopt guidelines, when the reviewing court can otherwise determine on the record that the decision not to issue the liquor license to a first-time applicant was neither arbitrary nor capricious.

In fact, requiring guidelines could impermissibly interfere with the city's discretion:

"There is an inherent inconsistency in requiring a *governing body to declare in advance in writing* every reason and every standard that may be used in *denying* an application for a new license. Such an approach appears to turn the burden of proof around so as to require the governing body to justify a denial. The number of liquor licenses in an area is a legislative decision, wisely entrusted to local control by the Legislature. It is definitely not a matter for a court to substitute its judgment for the elected legislators under the guise of applying constitutional due process or constitutional equal protection.

"Where a particular applicant for a liquor license seeks approval of a local governing body, the widest and the broadest discretion should be left to the local governing body. To require declaring and publishing a standard in advance is obviously to suggest that there is a judicial review on the merits. While I would not be prepared to say that there is no possible abuse of discretion great enough to require judicial intervention, I would keep judicial review very narrow and very limited; there is no assurance that the judiciary does a better job of making administrative decisions of this nature." *Stafford's Restaurant of Bloomfield, Inc v West Bloomfield Twp Bd,* 82 Mich App 607, 616-617; 267 NW2d 461 (1978) (BEASLEY, P.J., *dissenting),* lv den 403 Mich 813 (1978).

A city cannot always anticipate the multiple factors involved in determining whether or not to issue a liquor license. We decline to require that such standards always be issued ahead of time.

After reviewing the record in the present case, we agree with the trial court that defendant did not act arbitrarily or capriciously. Not everyone who applies for a liquor license can necessarily receive one if the city has only a limited number to issue in the first place. In ruling, the trial court stated:

"The facts show that the council was furnished with a significant amount of information about both the plaintiff's business which is called the Chop Stick Inn and the Golden China Restaurant, a competing applicant. * * * Both of these [memoranda] contain substantial amounts of factual data about both businesses.

"A review of the transcript of the council meeting of September 21, 1981 * * * reveals that the council did discuss the advisability of granting a license to the Golden China Restaurant, and after consideration of various factors, the Council did, by resolution, approve the license for the Golden China Restaurant 'above all others'.

"There was, for example, discussion by a councilman that it would not be fair to issue to one Chinese restaurant and not the other, a position which apparently the plaintiff took in its dealings with the council * * *. In other words, I think there were a couple of exhibits that I looked at in which it was asserted on behalf of the plaintiff that it would be better not to issue a license to either restaurant than to issue it to one and not the other."

We also note that MCL 436.17a(1); MSA 18.988(1)(1) states in part:

"A new application for a license to sell alcoholic beverages at retail, or a request to transfer location of

existing license, shall be denied in the event the contemplated location is within 500 feet of a church or a school building."

We conclude that defendant's action in denying plaintiffs the liquor license and instead giving it to cross-plaintiff was neither arbitrary nor capricious.

Affirmed.