218 A.2d 1.

JOHN J. LYONS *vs.* LIQUOR CONTROL ADMINISTRATOR
OF THE STATE OF RHODE ISLAND.

MARCH 23, 1966.

PRESENT: Roberts, C. J., Paolino, Powers and Joslin, JJ.

POWERS, J. This petition for certiorari seeks to quash a decision of the liquor control administrator suspending the petitioner's class B victualer's beverage license for a period of sixty days. We issued the writ, and in response to the mandate thereof the appropriate records were duly certified to this court for our examination.

It appears therefrom that petitioner is the operator of the Lyon's Den, a class B victualer's beverage licensed establishment in the city of Warwick. On the evening of

February 16, 1957, petitioner provided a floor show at ten o'clock with a repetition at midnight for the entertainment of his patrons. As a result of a report on the nature of the performances made by Sergeant Frank D. Whorf of the police department, who was present and on duty for the midnight show, petitioner was ordered to appear at a hearing called by the board of police commissioners.

This hearing resulted in the suspension of petitioner's license for sixty days from which petitioner appealed to the respondent administrator in accordance with the provisions of G. L. 1956, §3-7-21. A hearing was held thereon and from a decision of the administrator confirming said suspension, petitioner seeks review by way of certiorari.

At the hearing before the administrator it developed that the show was comprised of three entertainers, but only the performance of a female dancer is relevant. The evidence is in sharp conflict as to the amount of clothing worn by her and the manner in which she danced. Sergeant Whorf, corroborated by others, testified in detail that she concluded her act wearing only a small bra and panties. Of her dancing he testified: "The motion of the woman's hips, stomach; she was swaying her hips and extruding her stomach and her fanny in tempo to the music and as the tempo increased, she gave the motions of her body faster and faster."

Although contradicted by a musician and two patrons, the administrator evidently believed the testimony of the prosecution witnesses and his findings thereof will not be reviewed by this court on certiorari. *Cesaroni* v. *O'Dowd*, 94 R. I. 66.

The petitioner, however, stresses that the suspension was predicated on a violation of G. L. 1956, §3-5-23, which in pertinent part provides:

"* * * or shall permit any of the laws of this state to be violated therein, in addition to any punishment, penalty or penalties which may be prescribed by stat-

ute for such offense, he may be summoned before the board, body or official which issued his license or before the liquor control administrator when he and the witnesses for and against him may be heard; and if it shall be made to appear to the satisfaction of the board, body or official hearing such charges that he has violated any of the provisions of this title or has permitted to be done any of the things hereinbefore in this section mentioned, then said board, body or official may suspend or revoke his license or enter other order thereon."

Continuing, he argues that the violation of the foregoing provision was based on a determination that he was guilty of an infraction of G. L. 1938, chap. 362, §9, now G. L. 1956, §11-31-4, as amended. At the time of the hearing, the section in question provided as follows:

"Every person who shall as owner, manager, director, agent, or in any other capacity prepare, advertise, give, present, or participate in any obscene, indecent, immoral, or impure show or entertainment or in any show or entertainment manifestly tending to the corruption of the morals of youth, shall be fined not exceeding five hundred dollars ($500) or imprisoned not exceeding one (1) year, or shall be punished by both such fine and imprisonment."

Considered in this posture, petitioner argues that the decision of the administrator confirming the sixty-day suspension imposed by the board of police commissioners is illegal and void. He makes several contentions in support of this position, among them being that there was no competent evidence, that the administrator was without jurisdiction to pass upon the guilt or innocence of petitioner in determining that a criminal offense had been committed, and that the decision is violative of certain specified constitutional guarantees.

Assuming without passing on the validity of his several contentions, however, it is our judgment that the decision

of the administrator should not be disturbed for the reason that it can be supported on other grounds.

In *Russo* v. *Rhode Island Co.*, 38 R. I. 323, we held that in passing on a motion for a new trial the trial justice's decision will not be disturbed if supported by the evidence, even though his conclusion may rest on faulty reasoning. See also *Andrews* v. *Penna Charcoal Co.*, 55 R. I. 215, and *Budwee* v. *New England Motors, Inc.*, 99 R. I. 663, 210 A.2d 131.

Similarly we hold that in proceedings such as these, the decision of an administrative officer rendered in a judicial or quasi-judicial hearing will not be disturbed if there is any competent evidence to support it on some other lawful grounds.

Here counsel for the board of police commissioners pointed out at the hearing before the administrator that in addition to the statutory charges on which the administrator reached his decision, petitioner was in violation of the rules and regulations promulgated by the board in the interest of maintaining order on licensed premises. The chairman of the board testified that petitioner's license was held subject to a regulation promulgated by a prior board and still in effect, forbidding any show featuring "bare midriff," "strip shows" or "bumps and grinds." Moreover, he testified that prior to the evening of February 16, 1957, petitioner had inquired of the chief of police as to the limitations on shows and had been advised of the applicable regulation. That an alcohol beverage licensee holds his license subject to regulatory restrictions, however burdensome, when adopted pursuant to a valid exercise of the police power is so well settled as to require neither discussion nor citation of authority.

General laws 1956, §3-5-21, provides:

"Every license shall be subject to revocation or suspension by the board, body or official issuing the same,

or by said department of its own motion, for breach by the holder thereof of the conditions on which it was issued or for violation by the holder thereof of any rule or regulation applicable thereto or for breach of any provisions of this title."

Clearly then, on the authority of the foregoing section and the evidence before him that there had been a violation of the Warwick licensing authority's rules and regulations, the validity of which is predicated on §3-5-20, the administrator was justified in confirming the suspension imposed by the board of police commissioners and his decision should not be disturbed by us.

The petition for certiorari is denied and dismissed, the writ heretofore issued is quashed, and the records in the cause are ordered returned to the respondent liquor control administrator with our decision endorsed thereon.

### On Motion for Reargument.

#### MARCH 30, 1966.

PER CURIAM. After decision in the above cause was filed, the petitioner asked and received permission to present a motion for leave to reargue. Pursuant thereto he has filed such a motion, stating therein certain reasons on which he bases his contention that justice requires a reargument of the case.

We have carefully considered those reasons and are of the opinion that they suggest nothing which in the circumstances warrants a reargument.

Motion denied.

*Guy E. Gallone, Anthony M. Gallone,* for petitioner.

*J. Joseph Nugent,* Attorney General, *Corinne P. Grande,* Special Assistant Attorney General, for respondent.