**In the Matter of Robert J. LAMPING a/k/a R. J. Lamping: Bud Lamping, Correll L. Lamping, Debtors.**

**Floyd A. HARRIS, Plaintiff-Trustee,**

**v.**

**Robert J. LAMPING, Correll L. Lamping, Defendant-Debtors,**

**and**

**William L. Johnson and Eliason Realty of the North, Inc., Defendant-Creditors.**

**Bankruptcy No. 80–01931.
Adv. No. 81–0312.**

United States Bankruptcy Court,
E. D. Wisconsin.

June 9, 1981.

James Ward, Waukesha, Wis., for debtors.

Robert E. Hackett, Jr., Milwaukee, Wis., for William L. Johnson & Eliason Realty of the North, Inc.

Floyd A. Harris, Milwaukee, Wis., trustee in Bankruptcy.

John A. Fiorenza, Milwaukee, Wis., for Forest Lodge Management Corp.

## OPINION

HOWARD W. HILGENDORF, Bankruptcy Judge.

This action was commenced upon the complaint of the Trustee, Floyd A. Harris, in the above-entitled action requesting the court to order that the equipment described in the complaint be sold to Forest Lodge Management Corporation subject to any existing liens, encumbrances or security interests and that the liquor license be sold free and clear of any lien, encumbrance, claim or interest of any of the Defendant-Debtors, Robert J. Lamping and Correll L. Lamping and William L. Johnson and Eliason Realty of the North, Inc., Defendant-Creditors.

On May 2, 1979 the debtors in this action entered into an agreement with the Defendant-Creditors to purchase a parcel of real estate. The basis of this transaction was a land contract providing for an initial payment of $20,000 and the balance of $130,000 due thereafter. Provisions for interest payments and routine monthly payments were also provided for under the terms of the land contract. A foreclosure of the land contract commenced on April 25, 1980 in the Circuit Court of Vilas County, and a Receiver, William L. Johnson, was appointed. On August 13, 1980 the debtors filed a petition in bankruptcy and on or about March 2, 1981 the Trustee received a written offer to purchase certain assets belonging to the bankruptcy estate. A hearing was held on April 7, 1981 to consider any objections to the proposed sale. Written objections were filed and this Court refused to confirm the sale.

A complaint was filed by the Trustee on April 7, 1981 and an answer received by the Court on April 20, 1981. On May 7, 1981 the Trustee filed a Notice of Motion and Motion for Summary Judgment. There being no material issues of fact to be tried, it is well settled that the purpose of summary judgment is to prevent an unnecessary trial and decide on the basis of the pleadings and supporting documents. *Kirk v. Home Indemnity Co.*, 431 F.2d 554, 559 (7th Cir. 1970).

The issues before the Court are whether the rights to the liquor license vested in the trustee at the time the bankruptcy petition was filed and whether the trustee has the authority to transfer the liquor license.

The terms of the land contract entered into by the Lampings and the Defendant-Creditors provided for the appointment of a Receiver, upon consent, if a foreclosure action was commenced. The Receiver was empowered to collect rents, issues and profits of the property subject to be applied as the State Court would direct. At the time of the appointment of William L. Johnson as Receiver, the liquor license was in the name of Roger J. Lamping and, with the appointment of a Receiver, the Receiver held the license for the benefit of the Lampings. The license expired on June 30, 1980. In his capacity as Receiver, William L. Johnson renewed the license under the name "William Johnson, Receiver" and the license was issued to the described premises, "Redman Supper Club Receivership for Bud and Carol Lamping."

On the basis of the evidence, the Court finds that the liquor license was renewed by the Receiver, William L. Johnson, for the benefit of the Lampings. The Court further finds that the security agreement between the Defendant-Creditors and the Lampings did not include the liquor license and therefore the owners of the real estate did not have a valid lien on the license. (Exhibit A.)

Under Section 365(d)(1) of the Bankruptcy Code the Trustee has 60 days after the Order for Relief to accept or reject an executory contract. Failure to exercise that option will deem the contract rejected. The Trustee failed to act so that the contract was rejected on or about October 13, 1980 and the real estate, the principal asset of the business, was abandoned.

■ One of the principle questions before the Court is whether a liquor license is property within the meaning of Section 541(a) of the Code. The issue was raised in *Matto's, Inc. v. Olde Colonie Place*, 8 B.R. 485, 7 B.C.D. 351 (Bkrtcy.1981), and the Court determined that the liquor license was property within the meaning of Section 70(a) of the Bankruptcy Act, *Fisher v. Cushman*, 103 F. 860, 866 (1900), and it is property within the meaning of Section 541(a) of the Code, a provision that "is very broad and includes all kinds of property, both tangible and intangible, causes of action, and all other forms of property formerly specified in section 70(a) of the Bankruptcy Act." *4 Collier on Bankr.*, 15th ed. 541.01 (1980).

Section 543 of the Bankruptcy Code deals with the turnover of property by a custodian. In the instant case William L. Johnson, the court appointed receiver, was in possession of the liquor license at the time the bankruptcy petition was filed.

Section 543(b)(1) and (2) states as follows:

(b) A custodian shall—

(1) deliver to the trustee any property of the debtor transferred to such custodian, or proceeds of such property, that is in such custodian's possession, custody, or control on the date that such custodian acquires knowledge of the commencement of the case; and

(2) file an accounting of any property of the debtor, or proceeds of such property, that, at any time, came into the possession, custody, or control of such custodian.

■ Although the land contract between the Lampings and Johnson provided that the debtor "will not transfer the liquor license issued to the premises to any other person or firm," such provisions do not prevent a transfer by operation of law by the filing of a voluntary bankruptcy petition, and the state receiver was required by law to turn over all property in his possession to the federal trustee in bankruptcy upon acquiring knowledge of the bankruptcy proceeding. It should be noted that there is no four month time limitation in Section 543(b) as to the turnover of assets by a state court receiver. The only exception is found in Section 543(d) which gives the bankruptcy court power to allow the state court custodian to continue in possession after *notice and hearing* and upon a finding that it would be in the best interests of creditors. No such application was made in this case and whatever disbursements the receiver made after he acquired knowledge of the bankruptcy case were improper except such actions as were necessary to preserve the property. His action in renewing the license falls into the latter category and any disbursement he made to renew and preserve the license was for the benefit of the debtors.

■ The difficult question confronting the Court is whether the Trustee may transfer or assign the liquor license which this Court has determined is rightfully property of the bankruptcy estate. Section 176.05(5), Wis.Stats. provides in part for the following:

(5) Form; Duration * * * If any licensee or license applicant dies or becomes bankrupt or makes an assignment for the benefit of creditors during any license year or at any time after filing the application for a license and a license is granted to such applicant, the administrator, executor, receiver or trustee, or, if no administrator is appointed, the surviving husband or wife of such deceased licensee may continue or sell said business, and, if he or she sells the same, may assign or transfer such license and all rights and privileges of the licensee thereunder if the transferee or assignee is acceptable to the licensing authorities, * * *

The Statute contains special provisions which allow a trustee in bankruptcy to transfer a liquor license as part of the business of a bankrupt. There are only two restrictions included in the Statute which apply to the transfer of a liquor license by a trustee in bankruptcy. First, the transfer is permitted only as part of the sale of the business; and second, the transferee or assignee must be acceptable to the local licensing authorities. The first restriction is satisfied in the case at bar because the Trustee seeks to transfer the license as part of the sale of the business equipment listed in Exhibit A attached to the complaint. It is true that the business equipment is allegedly covered by a security agreement, but that will not prevent the Trustee from selling his interest or equity in the property subject to the lien. That is what the Trustee is offering for sale together with his interest in the liquor license which the Court has held is not subject to the lien. The second restriction is that the transferee must be acceptable to the licensing authorities. The bankruptcy court has no power to order the licensing authorities to approve the transfer, but on the other hand, the board may not act arbitrarily, capriciously or with discrimination. *State ex rel. Ruffalo v. Common Council,* 38 Wis.2d 518, 157 N.W.2d 568 (1968); Sec. 525 Bankruptcy Code. There is no indication that the interested parties in this case would not be acceptable to the licensing authorities but the transfer of the license is subject to such approval.

The Court having held that the liquor license is property of the estate which may be transferred by the Trustee as part of business assets of the debtors, the final question is to determine how the sale should be conducted.

It is well settled that bankruptcy courts are courts of equity and have the power to grant equitable relief. Under the Bankruptcy Code of 1978 special equitable jurisdiction is granted to the bankruptcy courts by 28 U.S.C. § 1481 which provides, "A bankruptcy court shall have the powers of a court of equity * * *" Here we have

two parties who are competing for the right to acquire the business assets because of the liquor license which has unique value. One of the parties, the owners of the real estate and building, has been found to have no legal claim or lien against the license. However, the owners of the building clearly have an equitable claim because, if they cannot acquire the liquor license, the value of their building will be substantially reduced by thousands of dollars. The other party, who has made an offer to purchase the business assets and the license for $17,000, has a right to bid in the market place for the assets. There are no provisions in the Bankruptcy Code which determine to whom the Trustee should transfer the license. Both parties have a right to acquire the business assets and the license, subject to the approval of the licensing authorities. The fair and equitable rule would seem to be that both parties should have an equal right to purchase the assets, including the license. The Trustee should therefore conduct a sale to the highest bidder. The sale should be conducted promptly without further notice except to the parties to this adversary proceeding.

IT IS SO ORDERED.