**In the Matter of Robert N. ANDERSON, Jr., Eleanor C. Anderson.**

**Robert N. ANDERSON, Jr. and Eleanor C. Anderson, Plaintiffs,**

v.

**MISSISSIPPI STATE TAX COMMISSION, Defendant.**

**Bankruptcy No. 8101535JC.**

United States Bankruptcy Court, S. D. Mississippi, Jackson Division.

Oct. 19, 1981.

David W. Dreher, Jackson, Miss., for Robert N. Anderson, Jr. and Eleanor C. Anderson.

James H. Haddock, Miss. State Tax Com'n, Jackson, Miss., for Miss. State Tax Com'n.

OPINION

BARNEY E. EATON, III, Bankruptcy Judge.

The debtors, Robert N. Anderson, Jr. and Eleanor C. Anderson ("Debtors"), have made a motion to enforce the provisions of 11 U.S.C. § 525 by compelling the Alcoholic Beverage Control Division of the Mississippi State Tax Commission to renew a liquor permit.

I.

1. Debtors own and operate the Liquor Corral, a package retail liquor store.

2. The Alcoholic Beverage Control is a division of the Mississippi State Tax Commission and is the only wholesale supplier of alcoholic beverages within the State of Mississippi.

3. The Alcoholic Beverage Control and the Mississippi State Tax Commission (hereinafter collectively referred to as "State Tax Commission") are agents of the State of Mississippi and have authority over the issuance and renewal of licenses for the sale

of beer, wine, and liquor in the State. Pursuant to Mississippi Code Ann. § 67–1–19 (1972), et seq., the State Tax Commission is responsible for the administration and enforcement of all state laws and regulations dealing with alcoholic beverages.

4. On June 23, 1981, the Debtors filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code and continued operations thereafter as debtor in possession.

5. Because of their financial difficulties the Debtors are indebted to the State Tax Commission for the sum of $14,773.44. Primarily due to this indebtedness and due to the fact that the Debtors are currently under Chapter 11, the State Tax Commission notified the Debtors that it would not renew their package retailers permit.

6. The expiration and non-renewal of the liquor license would prevent any bankruptcy reorganization of the Debtors.

## II.

*Perez v. Campbell*, 402 U.S. 637, 91 S.Ct. 1704, 29 L.Ed.2d 233 (1971), held that a State could not frustrate the congressional policy of a fresh start for a debtor by refusing to renew a driver's license because a tort judgment resulting from an automobile accident had been discharged in bankruptcy and hence unpaid. This case was codified by 11 U.S.C. § 525, which provides in part as follows:

"... a governmental unit may not deny, revoke, suspend, or refuse to renew a license, permit, charter, franchise or other similar grant to, condition such a grant to, discriminate with respect to such a grant against, deny employment to, terminate the employment of, or discriminate with respect to employment against, a person that is or has been a debtor under this title or a bankrupt or a debtor under the Bankruptcy Act, or another person with whom such bankrupt or debtor has been associated, solely because such bankrupt or debtor is or has been a debtor under this title or a bankrupt or debtor under the Bankruptcy Act, has been insolvent before the commencement of the case under this title, or during the case but before the debtor is granted or denied a discharge, or has not paid a debt that is dischargeable in the case under this title or that was discharged under the Bankruptcy Act."

"One of the key purposes of section 525 is to protect the debtor's means of earning a livelihood. In short, a governmental unit may not discriminate against a person, because of the commencement of a case under title 11, in any manner that will frustrate the fresh start policies of the Code." 3 Collier on Bankruptcy ¶ 525.02 (15th Ed. 1980). "It was perceived by Congress that all instances of discrimination may be levied against as the debtor's ability to gain a fresh start or to earn a livelihood or in this instance its ability to successfully reorganize is to be protected." *In Re Coleman American Moving Services, Inc.*, 8 B.R. 379 (Bkrtcy.Kan.1980).

The legislative history states that "[t]he purpose of a business reorganization case, unlike a liquidation case, is to restructure a business's finances so that it may continue to operate, provide its employees with jobs, pay its creditors, and produce a return for its stockholders.... Cash flow problems may develop, and require creditors of the business, both trade creditors and long-term lenders, to wait for payment of their claims. If the business can extend or reduce its debts, it often can be returned to a viable state. It is more economically efficient to reorganize than to liquidate, because it preserves jobs and assets." H.Rep.No.95–595, 95th Cong., 1st Sess. 220 (1977), U.S.Code Cong. & Admin.News 1978, p. 5787, 6179. In this case, the action by the State Tax Commission is an obstacle to the accomplishment of the purposes and objectives of Congress.

Because the State Tax Commission is the sole wholesale supplier of alcoholic beverages within Mississippi, the Debtors would be forced to close their store, which, of course, would destroy their means of earning a livelihood and destroy their opportunity for a successful reorganization. Therefore, if the State Tax Commission is allowed to

refuse to renew the license, the Debtors will be irreparably harmed. It is beyond argument that the State Tax Commission's conduct frustrates the policies underlying Chapter 11 Reorganization, and is, consequently, violative of section 525. The Court will, therefore, enter an order requiring the State Tax Commission to renew the Debtors' liquor permit and to continue to supply the Debtors with alcoholic beverages on a cash basis.