In re Robert F. GENCARELLI, d/b/a Clover Ledge, Debtor.

**INDUSTRIAL NATIONAL BANK OF RHODE ISLAND, and Avram N. Cohen, Trustee, Plaintiffs,**

v.

**Robert J. MICELI, et als., In their capacity as Members of the Westerly Town Council Defendants.**

Bankruptcy No. 8100035.
Adv. No. 810234.

United States Bankruptcy Court, D. Rhode Island.

Oct. 20, 1981.

Richard S. Mittleman, Providence, R. I., Zietz, Mittleman & Webster, Providence, R. I., for plaintiffs.

Avram N. Cohen, Providence, R. I., trustee.

Louis B. Cappuccio, Westerly, R. I., Cappuccio & Cappuccio, Westerly, R. I., for defendants.

## ORDER ENJOINING REVOCATION OF LIQUOR LICENSE

ARTHUR N. VOTOLATO, Jr., Bankruptcy Judge.

The issue in this case is whether a municipal government's attempted revocation of the Debtor's liquor license is a violation of the automatic stay provision of 11 U.S.C. § 362.

The Debtor, Robert F. Gencarelli, d/b/a Clover Ledge, filed a Chapter 7 petition on April 27, 1981. Included as an asset of the estate is a Class B liquor license issued by the Town of Westerly. The license is subject to a perfected security interest held by Industrial National Bank. Subsequent to the filing, the Clover Ledge was closed, and liquidation of assets was commenced by the secured creditor, Industrial National Bank.

Citing the Debtor's failure to remain open for business the required number of hours per day,[1] the Westerly Town Council, sitting as a liquor board, issued a summons ordering the Debtor to appear and show cause why the license in question should not be revoked. On July 27, 1981, this Court temporarily restrained the Town Council from taking any such action against the Debtor, and must now consider whether to make that order permanent.

■ The Bankruptcy Court has jurisdiction to consider a state or municipal government's activity which affects the estate of a debtor, 28 U.S.C. § 1471(b) and (e), and this jurisdiction extends over everything of value the debtor may possess. See 11 U.S.C. § 541; *Segal v. Rochelle*, 382 U.S. 375, 86 S.Ct. 511, 15 L.Ed.2d 428 (1966). In the case at bar, the liquor license clearly constitutes a property interest sufficient to invoke the jurisdiction of this Court. *Harris v. Lamping*, 12 B.R. 38, 7 B.C.D. 942 (E.D. Wis.1981); *Matto's Inc. v. Olde Colonie Place*, 9 B.R. 89, 7 B.C.D. 351 (E.D.Mich. 1981).

■ The Town of Westerly, however, argues that its activities are regulatory in nature and therefore not covered by the automatic stay provisions of § 362.[2] In support of this argument, the Defendants cite *Lyon v. Liquor Control Administrator*, 100 R.I. 573, 218 A.2d 1 (1966), which held that an alcohol beverage licensee holds such license subject to local regulatory restrictions. The Court agrees that the Town of Westerly was pursuing a regulatory prerogative when it scheduled a show cause hearing regarding the Debtor's liquor license. However, it is clear from the cases and legislative history that the regulatory activity sought to be exercised in the instant case is not exempt from the provisions of § 362(a). The Congressional House Report points out that § 362(b)(4) excepts proceedings by local government when that body is suing a debtor "to prevent or stop violation of *fraud, environmental protection, consumer protection, safety,* or *similar police* or *regulatory laws...*" House Report No. 95–595, 95th Cong. 1st Session (1977) 342–3; Senate Report No. 95–989, 95th Cong. 2nd Session (1978) 51–2, reprinted in [1978] U.S. Code Cong. and Adm.News 5963, 6299. (emphasis added). See also *Missouri v. Baker, et al.*, 647 F.2d 768, 7 B.C.D. 548 (8th Cir. 1981).

The Court of Appeals for the Eighth Circuit in *Missouri v. U.S. Bankruptcy Court*, 647 F.2d 768 (8th Cir. 1981) held that a

---

1. R.I. Gen Laws 3–7–7 requires a Class B licenseholder to remain open for business from 9 o'clock a.m. to 7 o'clock p.m.

2. In pertinent part, § 362 states:
(a) Except as provided in subsection (b) of this section, a petition filed under section 301 [a voluntary petition for bankruptcy] ... of this title operates as a stay, applicable to all entities, of—
(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative or other proceeding against the debtor that was or could have been commenced before the commencement of the case under this title;
. . . .
(b) The filing of a petition under 301 of this title does not operate as a stay—
. . . .
(4) under subsection (a)(1) of this section, of the commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power.

state's regulatory grain laws directing a receiver to operate or liquidate the debtor's warehouse because of his insolvency did not fall within the § 362(b)(4) exception. Although regulatory in nature, the court noted that the grain laws primarily related to protection of the pecuniary interest of the property and not public health and safety. In construing § 362(b)(4) the court stated:

> In light of the legislative history and court decisions under the earlier bankruptcy act, we believe that the term "police or regulatory power" refers to the enforcement of state laws affecting health, welfare, morals, and safety, but not regulatory laws that directly conflict with the control of the res or property by the bankruptcy court.

647 F.2d at 776.

Those cases which have allowed the regulatory activities exception generally fall into the categories outlined by the House Report, e. g., *Colonial Tavern, Inc. v. Byrne,* 420 F.Supp. 44 (D.Mass.1976) (suspension of liquor license upheld for repeated violations of a midnight closing hour regulation); *Commonwealth v. Peggs Run Coal Co.,* 423 A.2d 765, Bank.L.Rptr. (CCH) ¶ 67842 (Pa. 1980) (to allow the closing of a coal production facility which was violating local environmental resource laws); *In re Carmen Alessi,* 12 B.R. 96, 7 B.C.D. 1037 (N.D.Ill. 1981) (suspension of a racing license was upheld because of the appearance of "fixing" a race. The suspension maintained the integrity of a horse racing facility). These cases all concern the enforcement of laws protecting the health and/or safety of the public, or protecting the public from being defrauded.

In the instant case, the estate is in jeopardy of losing the liquor license because the Clover Ledge has not been open for business.[3] This absence of activity does not threaten the health or safety of Westerly residents, nor does it violate consumer, environmental protection or similar laws. There appears to be no compelling reason to allow the hearing to proceed, and revoca-

tion of the license would significantly diminish the value of the estate simply because this business must be worth more with the liquor license than without it.

Since the enforcement of R.I. Gen Laws 3–7–7 is not the type of regulatory activity intended to be excepted under § 362, and since the prejudice to the secured creditor would be significant if the license were revoked, the Westerly Town Council is enjoined from revoking or suspending the Debtor's liquor license until further order of the Court.

---

3. Upon filing the chapter 7 petition, the Debtor was relieved of possession, and the Trustee has

not applied to the Court for an order to operate the bar. See 11 U.S.C. § 542.