In re David John SAMPSON and Nancy Lee Sampson, Debtors.

Benjamin A. MUZIO, Commissioner of Motor Vehicles State of Connecticut, Plaintiff,

v.

David John SAMPSON, Defendant.

Bankruptcy No. 205–5–81–01030.
Adv. No. 205–5–81–0458.

United States Bankruptcy Court,
D. Connecticut.

Jan. 15, 1982.

L. D. McCallum, Asst. Atty. Gen., State of Conn., Hartford, Conn., for plaintiff.

John J. Coughlin, Coughlin, Creane, Malone & Malone, Milford, Conn., for defendant.

## MEMORANDUM AND ORDER

### POST PETITION ENFORCEMENT OF MOTOR VEHICLE FINANCIAL RESPONSIBILITY STATUTE

(11 U.S.C. §§ 362(a)(1) and (b)(4))

ALAN H. W. SHIFF, Bankruptcy Judge.

### I

### BACKGROUND AND FINDINGS

The parties hereto have stipulated to the following facts:

1. On July 30, 1980, the defendant, David John Sampson, owned a 1970 Cadillac which was registered with the plaintiff, Commissioner of Motor Vehicles.

2. On July 30, 1980, the defendant did not have in force a policy of liability insurance covering the operation of the 1970 Cadillac.

3. On July 30, 1980, the motor vehicle rolled down the driveway at the defendant's home into the public street striking other vehicles and causing property damage.

4. At the time and place of the accident, the only occupant of the motor vehicle was the defendant's three-year-old son, who apparently entered the vehicle and released the brake and transmission.

5. On August 11, 1981, after notice, the plaintiff convened a hearing to determine whether there was a reasonable possibility of judgment being rendered against the defendant and, if so, to determine appropriate security.[1]

6. On September 9, 1981, the plaintiff, acting through a motor vehicle adjudicator, determined that there was a reasonable possibility of a judgment being rendered against the defendant and ordered the defendant to post security in the amount of $3,510.00 or face suspension of his operator's license, motor vehicle registration or both.

On September 29, 1981 the defendant filed a petition for relief under Chapter 7 of the Bankruptcy Reform Act of 1978.

### II

### ISSUE

Is the state of Connecticut barred from the post petition enforcement of its financial responsibility law, Conn.Gen.Stat.

---

1. The plaintiff acted pursuant to Conn.Gen. Stat. § 14–117 which provides in part that the Commissioner of Motor Vehicles may suspend the license of an owner or operator following an accident involving an uninsured vehicle un-less he or she deposits security in the sum determined by the Commissioner to be sufficient to satisfy any judgment which may be recovered against said operator as a result of the accident.

§ 14–117, by the automatic stay provided by 11 U.S.C. § 362(a)(1)?[2]

## III

## DISCUSSION

 It is apparent that enforcement of Connecticut's financial responsibility statute after liability for damages has been discharged would be in direct conflict with the fresh start intended for debtors by the Bankruptcy Code. Since state statutes are invalidated by the Supremacy Clause of the United States Constitution (Article Six, Clause Two) to the extent that they conflict with federal law, it is clear that Connecticut's financial responsibility law (Conn. Gen.Stat. § 14–117) may not be utilized against a debtor involved in a motor vehicle accident after that debtor has obtained a discharge. *See Perez v. Campbell*, 402 U.S. 637, 91 S.Ct. 1704, 29 L.Ed.2d 233 (1971); *Allen v. Leuba*, No. 14649 (D.Conn. Dec. 14, 1971). Indeed, the State has conceded that after discharge, it must refrain from suspension or restore a suspended motor vehicle driving license, registration or security deposit. The State contends, however, that predischarge enforcement of its financial responsibility law is excepted from the automatic stay by Code Section 362(b)(4).[3] I disagree.

 The legislative history of this subsection indicates that it is "intended to be given a narrow construction in order to permit governmental units to pursue actions to protect public health and safety and not to apply to actions by a governmental unit to protect a pecuniary interest in property of the debtor or property of the estate."[4] Thus if the focus of the police or regulatory power is directed at the debtor's financial obligations rather than the State's health and safety concerns, Code Section 362(b)(4) is inapplicable. *See In re State of Missouri*, 647 F.2d 768 (8th Cir. 1981), *cert. denied,* —— U.S. ——, 102 S.Ct. 1035, 71 L.Ed.2d 318 (1982); *see also In re Joe Delisi Fruit Co.*, 11 B.R. 694, 7 B.C.D. 1021 (Bankr.D.Minn.1981); *In re Pizza of Hawaii, Inc.*, 12 B.R. 796 (Bkrtcy.D.Hawaii, 1981); *In re Dan Hixson Chevrolet Company*, 12 B.R. 917, 7 B.C.D. 1210 (Bkrtcy.N.D. Tex., 1981); *In re Robert F. Gencarelli*, 14 B.R. 751, 8 B.C.D. 269 (Bkrtcy.D.R.I.1981). The United States Bankruptcy Appellate Panel of the Ninth Circuit explained this result in the context of the *Perez* decision as follows:

> State and local governmental units cannot, by an exercise of their police or regulatory powers, subvert the relief afforded by the federal bankruptcy laws. When they seek to do so for a pecuniary purpose, they are automatically stayed, notwithstanding the exception found at 11 U.S.C. § 362(b)(4).

*In re Thomassen*, 15 B.R. 907, 909, 8 B.C.D. 530, 532 (1981).[5]

██ Since it is the effect not the stated purpose of a statute which determines its viability in the event of a supremacy clause challenge, *Perez v. Campbell, supra,* Connecticut's financial responsibility law must be analyzed to determine whether it primarily serves a particular class of creditors

---

**2.** 11 U.S.C. § 362(a) provides "Except as provided in subsection (b) of this section, a petition filed . . . operates as a stay, applicable to all entities, of—

(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title."

**3.** 11 U.S.C. § 362(b) provides: "The filing of a petition . . . does not operate as a stay—

(4) . . . of the commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power."

**4.** 124 Cong.Rec. H11,092 (daily ed. Sept. 28, 1978) (remarks of Rep. Edwards).

**5.** The debtor in *Thomassen* was a physician against whom allegations of incompetence and dishonesty had been made. The court, noting in part that an investigation by a state administrative tribunal into the complaints was not for a pecuniary purpose, concluded that the investigation was within the exception of § 362(b)(4).

or a broad public interest. Such an analysis reveals that there is no logical relationship between drivers able to post the financial security required by Conn.Gen.Stat. § 14–117 and safe drivers. The state statute is not a highway safety statute designed to keep incompetent drivers off the road. Rather, it is apparent that the intended and actual effect of the statute is to protect the pecuniary interests of judgment creditors. *See Dempsey v. Tynan*, 143 Conn. 202, 208, 120 A.2d 700, 703 (1956).

## IV

### CONCLUSIONS OF LAW AND ORDER

I conclude that the Connecticut financial responsibility law, Conn.Gen.Stat. § 14–117, is not excepted under 11 U.S.C. § 362(b)(4) from the automatic stay provided by 11 U.S.C. § 362(a) and that the plaintiff is barred from enforcing his September 9, 1981 order, requiring the defendant to post financial security or face suspension of his operator's license, motor vehicle registration or both.

It is accordingly ORDERED that judgment enter in favor of the defendant. Dated at Bridgeport, this 15th day of January, 1982.