In re Robert HOFFMAN, d/b/a Hoffman's Meat & Convenience Store, d/b/a Hoffman's Steak House, Debtor.

Bankruptcy No. 8200631.

United States Bankruptcy Court, D. Rhode Island.

Oct. 17, 1985.

John Boyajian, Boyajian, Coleman & Harrington, Providence, R.I., Trustee.

Marcia McGair Ippolito, Rhode Island Div. of Taxation, Providence, R.I., for Tax Administrator.

FINDINGS OF FACT AND CONCLUSIONS OF LAW

ARTHUR N. VOTOLATO, Jr., Bankruptcy Judge.

After hearing on the objection of the Tax Administrator of the State of Rhode Island to the trustee's Notice of Intended Sale of the debtor's liquor license, an order was entered on January 17, 1985 authorizing the trustee to sell and transfer said license, free and clear of liens. Because that order has been appealed to the District Court, we briefly summarize our rationale (the facts are not in dispute) and conclusions of law, pursuant to Bankruptcy Rules 7052 and 9014.

The Tax Administrator insists that R.I. GEN. LAWS § 3-7-24[1] prohibits this Court from authorizing the transfer of a liquor license unless a certificate of good standing has first been issued by the State Division of Taxation stating that all taxes have been paid. Since there are unpaid taxes in this case, the Administrator contends that our order authorizing the transfer of the liquor license is invalid. He takes that position notwithstanding Bankruptcy Code provisions which specifically authorize the sale of assets by the trustee, free and clear of liens and encumbrances, including liens based on unpaid tax obligations. *See* 11 U.S.C. § 363(f).

The trustee may sell property under subsection (b) or (c) of this section free and clear of any interest in such property of an entity other than the estate, only if—

. . . .

(5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

In rejecting the Tax Administrator's contention, we also relied on several other authorities, beginning with the Supremacy Clause of the United States Constitution, U.S.Const. art. VI, cl. 2:

This Constitution, and the Laws of the United States which shall be made in Pursuance thereof; and all Treaties made, or which shall be made, under the Authority of the United States, shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding.

In addition, a number of cases hold that state licensing procedures and regulations which conflict with federal law by discriminating against debtors on financial grounds are unenforceable. *See, e.g., Perez v.*

*Campbell,* 402 U.S. 637, 91 S.Ct. 1704, 29 L.Ed.2d 233 (1971) (a state may not refuse to renew a debtor's driver's license because of an unsatisfied tort judgment debt); *Industrial Nat'l Bank of Rhode Island v. Miceli (In re Gencarelli),* 14 B.R. 751 (Bankr.D.R.I.1981) (liquor license may not be revoked because of debtor's failure to remain open for business the required number of hours per day, while assets are being liquidated by bankruptcy trustee).

Section 525 of the Bankruptcy Code (*see* Pub.L. No. 95-598, Nov. 6, 1978), which codifies *Perez v. Campbell,* foreclosed governmental action to "deny, revoke, suspend, or refuse to renew a license" on account of a debt discharged by bankruptcy. 11 U.S.C. § 525; H.R.Rep. No. 595, 95th Cong., 1st Sess. 367 (1977), U.S.Code Cong. & Admin.News 1978, pp. 5787, 6322, 6323 (the discriminatory activities mentioned in § 525 are illustrative only, and not all inclusive); *see also* 3 *Collier on Bankruptcy* ¶ 525.02 (15th ed. 1985) at 525-3 thru 525-7; *Anderson v. Mississippi Tax Commission (In re Anderson),* 15 B.R. 399, 5 C.B.C.2d 701 (Bankr.S.D.Miss. 1981) (state may not refuse to renew Chapter 11 debtor's liquor license because of unpaid taxes); *In re Maley,* 9 B.R. 832, 4 C.B.C.2d 292 (Bankr.W.D.N.Y.1981) (state liquor authority compelled to grant liquor license to Chapter 11 debtor when reason for denial was based solely on applicant's bankruptcy).

It is fundamental that government action with a pecuniary purpose (debt collection) does not fall within the exception to 11 U.S.C. § 362(b)(4) allowing regulatory action against debtors or their estates in order to protect the public health and safety. *See Nat'l Labor Relations v. Jonas (In re Bel Air Chateau Hospital, Inc.),* 611 F.2d 1248 (9th Cir.1979); *Cournoyer v. Town of Lincoln (In re Cournoyer),* 43 B.R. 354 (Bankr.D.R.I.1984) (enforcement of zoning restrictions excepted

---

**1.** 3-7-24. Certificate of payment of state taxes. —Every licensee under this chapter, upon filing an application for renewal or transfer of such license, shall submit with such application a certificate executed by the tax administrator, or some employee designated by the tax administrator, that taxes due the state have been paid. No such license shall be renewed or transferred without such certificate.

from automatic stay), *aff'd*, 53 B.R. 478 (D.R.I.1985); *In re Gencarelli, supra.* Local regulations which pose a clear "threat to the estate's assets," and which serve no function other than to protect an economic advantage, interfere with the relief afforded to both debtors and creditors under the Bankruptcy Code, and therefore may not be enforced. *See Thomassen v. Division of Medical Quality Assurance (In re Thomassen)*, 15 B.R. 907 (B.A.P. 9th Cir.1981); *In re Mason*, 18 B.R. 817 (Bankr.W.D.Tenn.1982).

■■■ In deciding as we have here, we necessarily disagree with the Bankruptcy Court for the District of Alaska, which held that a state statute similar to the one before us did not conflict with the provisions of the Bankruptcy Code, because debt collection was not its purpose or effect. *See Artus v. Alaska Dept. of Labor (In re Anchorage International Inn, Inc.)*, 16 B.R. 308 (Bankr.D.Alaska 1981). The Alaska Court reasoned that the value of the license, as property of the estate, was limited by the extent to which the license was encumbered by state tax obligations, and therefore, that payment of taxes takes nothing from the estate since "only the net value [i.e., value of the license less taxes owed] passes into the bankrupt estate for distribution by the trustee." *Id.* at 311. We think this reasoning misses the meaning of "property of the estate," as that phrase is used in 11 U.S.C. § 541, and is entirely inconsistent with *Perez v. Campbell, supra*, in which the Supreme Court held that state licensing regulations may not frustrate the purpose or implementation of the bankruptcy laws. While the Alaska Bankruptcy Court was obliged to follow *Sulmeyer v. State of California Department of Employment Development (In re Professional Bar Co., Inc.)*, 537 F.2d 339 (9th Cir.1976), we are not so constrained. Instead, we adopt Judge Smith's dissent in that opinion (which, we think, represents the better view), and his observation that "[t]he liquor license is no more a state created property which the state may regulate and control without regard to the bankruptcy laws than was the driver's license in *Perez.*" 537 F.2d at 341. *Accord Aegean Fare, Inc. v. Licensing Board for City of Boston (In re Aegean Fare, Inc.)*, 35 B.R. 923, 928 (Bankr.D. Mass.1983) (state law conditioning license renewal upon payment of pre-petition taxes impermissibly conflicts with Bankruptcy Code priority provisions); *see also William Tell II, Inc. v. State of Illinois Liquor Control Commission (In re William Tell II, Inc.)*, 38 B.R. 327, 11 C.B.C.2d 235 (N.D. Ill.1983) (state cannot unilaterally revoke Chapter 11 debtor's liquor license for failure to pay state taxes).[2]

No elaboration is required for the proposition that any state regulation which purports to block a bankruptcy sale until state taxes are paid would frustrate debtors' and creditors' efforts to reorganize [in Chapter 13]. *See Miller v. Hodges (In re Hodges)*, 33 B.R. 51 (Bankr.E.D.Pa.1983) (notwithstanding a state court determination that a liquor license is a privilege rather than personal property, licenses constitute "legal or equitable interests of the debtor in property as of the commencement of the case," and are property of the estate, 11 U.S.C. § 541(a)(1)); *Harris v. Lamping (In re Lamping)*, 12 B.R. 38 (Bankr.E.D.Wisc. 1981); H.R.Rep. No. 595, 95th Cong., 1st Sess. 367–8 (1977). We view the Tax Administrator's objection to the trustee's sale as an attempt to exercise a veto power that he does not have.

Finally, even under state law, R.I.GEN. LAWS § 3–5–19, the right of a trustee in bankruptcy to transfer a license, notwithstanding the indebtedness of the licensee, has been recognized since at least 1959. *See* 1959 R.I.Pub.Laws Ch. 154, § 1, which provides:

No creditor shall be allowed to object to transfer of a license by a receiver, trustee in bankruptcy, assignee for the benefit of creditors, executor, administra-

---

**2.** Of course, the restraints of § 362 apply to *ex parte* actions, and any party may petition the bankruptcy court for relief from stay and obtain a hearing on the merits of its position.

tor, guardian or by any public officer under judicial process.

There is no indication in the above statute, or elsewhere that we can find, that the State is not "a creditor" within the meaning of this statute. Legislative intent is determined primarily from the language of the statute, and where, as here, the statutory language is unambiguous, it must be understood to mean what it says. *Stewart v. Jones,* 35 B.R. 392 (S.D.Ala.1983). A "creditor" is defined in Webster's Dictionary (2d Ed.1983), as "one to whom a sum of money ... is due." The position of the Tax Administrator in the instant proceeding is clearly that of a creditor, attempting to condition the transfer of the debtor's liquor license upon payment of the State's tax claim, and in this, he has failed to adequately address and/or distinguish the principles which we think render his position untenable. *See In re Aegean Fare, Inc., supra.*

For the reasons discussed, and in light of the authorities cited, including art. VI, cl. 2 of the United States Constitution, the provisions of the federal Bankruptcy Code § 363 which conflict with the Rhode Island statute in question (R.I.GEN.LAWS § 3–7–24), and R.I.GEN.LAWS § 3–5–19, which prohibits a creditor from objecting (successfully) to the transfer of a license by a trustee in bankruptcy, we concluded that the Tax Administrator's objection is without merit.