**In re Charlotte DUKE, Debtor.**

**Bankruptcy No. 93–12618.**

United States Bankruptcy Court,
D. Rhode Island.

April 15, 1994.

Christopher Lefebvre, Pawtucket, RI, for debtor.

Terence Tierney, Sp. Asst. Atty. Gen., Providence, RI, for State of R.I., Div. of Motor Vehicles, Office of the Atty. Gen.

### DECISION AND ORDER

ARTHUR N. VOTOLATO, Bankruptcy Judge.

Heard on the Debtor's motion to adjudge the Rhode Island Department of Transportation, Division of Motor Vehicles, in contempt, and also for the imposition of sanctions for its intentional and/or willful violation of the automatic stay. The legal issue presented is whether the automatic stay provided by 11 U.S.C. § 362(a)(1) prevents the State of Rhode Island from enforcing its financial responsibility laws against people who file for bankruptcy.

### FACTS

The facts are not in dispute and are as follows:

1) On August 3, 1993, the Rhode Island Department of Transportation, Division of Motor Vehicles (RIDOT) suspended Charlotte Duke's driver's license, under R.I.Gen. Laws § 31–32–10, for her failure to satisfy a judgment that arose from a prior (uninsured) motor vehicle accident.

2) Ms. Duke requested an administrative hearing for review of the suspension, and a hearing was set for October 14, 1993.

3) On October 14, 1993, instead of attending the RIDOT administrative hearing, Ms. Duke filed the instant bankruptcy case.

4) The Debtor's attorney notified RIDOT of the operation of the automatic stay and requested that the suspension be lifted. (See Debtor's Ex. Nos. 2, 4, and 5.)

5) RIDOT responded, stating that in its opinion the suspension remained in effect until: (1) the underlying judgment debt was discharged; *and* (2) the Debtor filed proof of financial responsibility (form SR22). (See Division of Motor Vehicle's letter dated December 2, 1993).

6) The current procedure followed by RIDOT when a judgment debtor files for relief under the Bankruptcy Code is to continue the suspension until the debt is discharged and the Debtor files proof of financial responsibility.

### DISCUSSION

The Rhode Island statute in question provides: "Suspension for nonpayment of judgment.—The registry upon receipt of a certificate copy of a judgment shall forthwith suspend license and registration and any non-resident's operating privilege of any person against whom such judgment was rendered, except as hereinafter otherwise provided in this chapter." R.I.Gen.Laws § 31–32–10. The statute further provides that the suspension shall remain in effect *"unless and until every such judgment is stayed,* satisfied in full or to the extent hereinafter provided and until the said person gives proof of financial responsibility...." R.I.Gen.Laws § 31–32–14 (emphasis added).

Notwithstanding RIDOT's argument that enforcement of the Rhode Island statute is an exercise of the State's regulatory or police power, it is clear to this (and most other courts) that such statutes are collection devices provided by the State to assist in the recovery of claims by motor vehicle accident judgment creditors. As such, the automatic stay under 11 U.S.C. § 362(a)(1) bars RIDOT from enforcing this collection remedy, after the judgment debtor files a petition under the Bankruptcy Code. "[I]f the focus of the police or regulatory power is directed at the debtor's financial obligations rather than the State's health and safety concerns, Code Section 362(b)(4)[1] is inapplicable."

---

1. This section states that:
   The filing of a petition under Section 301, 302, or 303 of this title, ... does not operate as a stay—

   .    .    .    .    .

(4) under subsection (a)(1) of this section, of the commencement or continuation of an ac-

*Muzio v. Sampson (In re Sampson),* 17 B.R. 528, 530 (Bankr.D.Conn.1982).

■ We also conclude, however, that requiring the Debtor to furnish proof of *future* financial responsibility as a precondition to lifting the suspension violates neither the automatic stay nor the fresh start policy of the Bankruptcy Code. The Court in *Duffey v. Dollison,* 734 F.2d 265 (6th Cir.1984), examined the legislative history behind 11 U.S.C. § 525, the provision of the Code that protects against discriminatory treatment, and concluded that "Congress has evinced a clear intent to permit the imposition of financial responsibility requirements, so long as they are not discriminatorily applied to bankrupts." *Id.* at 273. Since the form SR22 requirement applies to all motorists in Rhode Island, and since debtors in bankruptcy are not entitled to special treatment exempting them from providing evidence of, prospectively, financial responsibility, the enforcement of this requirement does not violate the automatic stay.

■ In addition to seeking relief from the suspension, the Debtor asks that we hold RIDOT in contempt for violation of the stay, and to impose sanctions. Because we find that RIDOT's actions in violating the stay were not malicious or willful, we decline to punish RIDOT financially for the technical violation discussed above. Additionally, we find that sanctions are not appropriate in this instance because RIDOT has formally agreed to change its current practice, by reinstating a debtor's driver's license immediately upon being notified of a bankruptcy filing *and* receiving proof of future financial responsibility from the debtor.

Enter Judgment consistent with this opinion.

---

tion or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power.

11 U.S.C. § 362(b)(4).