**In re Harold R. THEROUX and Joan W. Theroux, Debtors.**

**Bankruptcy No. 93–13016.**

United States Bankruptcy Court, D. Rhode Island.

July 12, 1994.

Sheldon R. Scoliard, Providence, RI, for debtors.

Arnold L. Blasbalg, Chapter 7 Trustee, Providence, RI.

Marcia McGair Ippolito, Chief Legal Officer (Taxation), Providence, RI, for R. Gary Clark, Tax Adm'r, Rhode Island Div. of Taxation.

Paul Foster, Providence, RI, for Rhode Island Liquor Control Adm'r.

Gerard M. DeCelles, Providence, RI, for Pub Dennis of Cumberland, Inc.

Thomas E. Hefner, Town Solicitor, Town of Cumberland, Greenville, RI.

Michelle Ruberto Fonseca, Hinckley, Allen, Snyder & Comen, Providence, RI, for Mendon Realty Associates.

## DECISION AND ORDER

ARTHUR N. VOTOLATO, Bankruptcy Judge.

Heard on April 26, 1994, on the Trustee's Notice of Intended Sale of a liquor license to a secured creditor,[1] Mendon Realty Associates ("MRA"). The sale, as proposed, would convey title to the license to MRA, free and clear of liens, for $3,000. MRA will then be able to sell the license at its market value ($20,000 to $30,000) and to retain all of the proceeds. The Town of Cumberland, the Rhode Island Tax Administrator, and the Rhode Island Liquor Control Administrator (the "taxing authorities") object to the sale on the ground that the price is unreasonably low, and that "the intended sale is an attempt to benefit a secured party to the detriment of the state which has a lien superior to that of the secured party." (Joint Obj. Notice of Intended Sale).

The taxing authorities argue that the Trustee and MRA are effectively engaging in a form of collusion, and manipulating the Bankruptcy laws to deprive them of revenue to which they are entitled under the law, with little if any benefit to the Bankruptcy Estate. They suggest that the correct procedure would be for MRA to obtain relief from stay and then hold a public foreclosure sale (as it had originally intended), which would

---

1. Since MRA is owed in excess of $400,000, it is also clearly the largest unsecured creditor in this case.

most likely produce a bid price approximating the agreed fair market value of the license. This scenario would result in the payment of all outstanding tax obligations, consisting of approximately $20,000, with the excess (if any) being paid to MRA.

Upon careful consideration of the record and the applicable legal authorities, including our decision in *In re Hoffman,* 53 B.R. 874 (Bankr.D.R.I.1985), *aff'd,* 65 B.R. 985 (D.R.I. 1986), we decline to approve the Trustee's notice of intended sale, which was contrived specifically for the purpose of wiping out the interests of the Town of Cumberland and the State of Rhode Island.[2] While the secured creditor's incentive to acquire the license as proposed is understandable, we are more concerned with the motivation of the Trustee in co-sponsoring this procedure, given the fact that the sale, as proposed, can benefit *only* the secured creditor, while inflicting considerable financial damage upon the taxing authorities. First of all, because the license is so greatly overencumbered, the Trustee should probably have abandoned his interest therein long ago. Secondly, while we are not privy to any agreement for compensation that may exist between MRA and the Trustee, there now exists the presumption of a conflict of interest, vis-a-vis the taxing authorities, which the Trustee has not even begun to rebut. Finally, this questionable alliance does not appear to be based upon any specific provision of the Bankruptcy Code, and we are not aware that any other court has approved such a proposal.

Accordingly, where, as here, the intended selling price is only a fraction of the fair market value, this Court will not approve the sale.[3] This decision does not impact upon or affect the holding in *In re Hoffman,* since our reason for denying approval of this sale is the blatant inadequacy of the price, i.e. if the Trustee were proposing to sell the license to a qualified buyer at a fair and reasonable

price, such a sale *free and clear of liens* would be approved, under *Hoffman.*

Enter Judgment consistent with this opinion.

---

**2.** The fact that the secured creditor openly admitted the reason for this strategy does not render it correct or any more worthy of approval.

**3.** MRA argues that because it is owed in excess of $400,000, it would be able to credit bid up to the amount of its debt at a Trustee's sale. However, § 363(k) provides that a secured creditor *may* be entitled to credit bid "*unless the court for*

*cause orders otherwise.*" 11 U.S.C. § 363(k) (emphasis added). We believe this is precisely the type of situation in which the Court would find that cause exists to deny MRA's right to credit bid, i.e. there is no absolute entitlement to credit bid, as MRA suggests, and that option would not be available where the *sale price is so clearly* inadequate.